# Exhibit A

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Virginia

| | |
|---|---|
| VOKE TAB, INC. | ) |
| *Plaintiff* | ) |
| v. | )     Civil Action No. |
| NICOVENTURES LIMITED | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                         Nicoventures Limited, 25 Wootton Street,
SE1 8TG London, United Kingdom

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Attachment A

| Place: Williams Mullen 8300 Greensboro Drive, Suite 1100, Tysons Corner, VA 22102, United States | Date and Time: 10/23/2015 10:00 am |
|---|---|

       The deposition will be recorded by this method:    Stenographic, audio, and video

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

         See Attachment B

       The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

           *CLERK OF COURT*

                                   OR

          *Signature of Clerk or Deputy Clerk*                   *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Voke Tab, Inc.
_____ , who issues or requests this subpoena, are:

D. Margeaux Thomas, Esq., WILLIAMS MULLEN, 8300 Greensboro Drive, Suite 1100, Tysons Corner, VA 22102, ~~mathomas@williamsmullen.com; 703-610-5216~~

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

◻ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

◻ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____          _____

                                                    *Server's signature*

                                        _____

                                                    *Printed name and title*

                                        _____

                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Attachment A

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

| | |
|---|---|
| VOKE TAB, INC.,<br><br>        Opposer,<br><br>    v.<br><br>NICOVENTURES LIMITED,<br><br>        Applicant. | Opposition No. 91218369<br><br>Serial No. 79138873<br><br>Trademark: VOKE (stylized) |

## OPPOSER VOKE TAB, INC.'S FIRST AMENDED NOTICE OF 30(b)(6) DEPOSITION TO APPLICANT NICOVENTURES LIMITED

To:    Nicoventures Limited
       25 Wootton Street
       SE1 8TG London, United Kingdom

PLEASE TAKE NOTICE THAT pursuant to Trademark Rule 2.120, Rules 26, 30(b)(6) and 34 of the Federal Rules of Civil Procedure, and 35 U.S.C. 24, on October 23, 2015, Opposer Voke Tab, Inc. ("Voke Tab" or "Opposer") will take the deposition of Applicant Nicoventures Limited ("Nicoventures" or "Applicant") at the offices of Williams Mullen located at 8300 Greensboro Drive, Suite 1100, Tysons Corner, VA 22102, United States, beginning at 10:00 a.m., local time.  Please take further notice that because Applicant is not a natural person, it shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, who shall have knowledge of and who are capable and competent to testify regarding the categories identified in the attached "Attachment A."  The deposition will be taken before a notary public, deposition officer, or other such person authorized to administer oaths, and will recorded by audio, video and stenographic means.  If the deposition is not completed on

the date set below, the taking of the deposition will be continued from day to day thereafter, weekends and holidays excepted, until completed.

Nicoventures is requested to provide Voke Tab's counsel with written notice via email, at least five (5) business days in advance of the deposition, of the name(s) and position(s) of the designee(s) who has (have) consented to testify on behalf of Nicoventures on the matters set forth in Attachment A and as to which matters the designee(s) will testify.

The designee(s) are further required to produce documents and tangible things as described in Attachment B at their deposition.

Date:       October 23, 2015

Time:       10:00 a.m.

Location:   Williams Mullen
            8300 Greensboro Drive
            Suite 1100
            Tysons Corner, VA 22102
            United States

Dated: September 14, 2015                         COBALT LLP

                                                  Attorneys for Opposer
                                                  Vijay K. Toke, Esq.
                                                  918 Parker Street, Building A21
                                                  Berkeley, California, 94710-2596
                                                  510.841.9800

# Attachment B

## ATTACHMENT A

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Nicoventures Limited ("Applicant") is expected to appoint a witness or witnesses who shall have knowledge of and be capable to testify regarding the topics identified below.

1.     The formation and operation of Applicant, including all of its offices, employees, and owners.

2.     The creation, development, and adoption of the VOKE Mark by Respondent.

3.     Respondent's use and intended use of the VOKE Mark in the United Kingdom, United States, and any other country, including date and circumstances of first use and first use in commerce.

4.     All goods and services offered, contemplated, or intended to be offered under the VOKE Mark in the United Kingdom, United States, and any other country.

5.     Respondent's ownership and enforcement of its VOKE Mark, including without limitation and formal or informal complaints, objections, *inter partes* oppositions, *inter partes* cancellations, administrative proceedings, or civil actions filed, send, or initiated by Petitioner.

6.     Formal or informal complaints, objections, *inter partes* oppositions, *inter partes* cancellations, administrative proceedings, or civil actions filed, sent, or initiated by any third party concerning Respondent's use of, application to register, registration of, or claim of rights in Petitioners' VOKE Mark.

7.     Third party use of Respondents' VOKE Mark, or any other marks incorporating the word "voke" (or phonetic equivalent) of which Respondent is aware.

8.     All agreements between Respondent and third parties related to the use, creation, licensing, or development of Respondent's VOKE Mark.

9.     Applications to and responses from any regulatory agency in the United

Kingdom, United States, and any other country concerning any and all goods and services offered, contemplated, or intended to be offered under the VOKE Mark.

10.    Actual, expected, and contemplated channels of trade for any and all goods and services offered or intended to be offered under the VOKE Mark in the United Kingdom, United States, and any other country.

11.    Actual, expected, and contemplated customers or users of any and all goods and services offered or intended to be offered under the VOKE Mark in the United Kingdom, United States, and any other country.

12.    Actual, expected, and contemplated sales, revenue, marketing, advertising, and promotion of the VOKE Mark in the United Kingdom, the United States, and any other country.

13.    Press coverage Respondent has received featuring, concerning, or referring to any goods and services offered, contemplated, or intended to be offered under the VOKE Mark in the United Kingdom, United States, and any other country.

14.    Instances of actual consumer confusion as to source, affiliation, or sponsorship between Respondent's VOKE Mark and Voke Tab, Inc.'s VOKE Mark.

15.    Market research, empirical research, product research, testing, and any other investigation or research undertaken by or on behalf of Respondent with respect to any goods or services offered, contemplated, or intended to be offered under the VOKE Mark in the United Kingdom, United States, and any other country.

**ATTACHMENT B**

## DEFINITIONS AND INSTRUCTIONS

The following definitions are an integral part of each and every request and are incorporated therein by reference:

1.      "Person" means any natural person and any governmental unit or agency, corporation, partnership, firm, joint venture, sole proprietorship or other legal or business entity of any kind.

2.      To "identify" or "state the identity of" a person, if that person is a natural person, means to state:  (a) his or her full name; (b) his or her present or last known residence address and telephone number; (c) his or her present or last known business or occupational address and telephone number; (d) his or her present or last known occupation, position, and business or governmental affiliation; and (e) whether he or she has ever been employed or engaged by you, and if so, the dates of employment or engagement and a brief description of his or her job title(s) and responsibilities during the time of such employment or engagement.

3.      To "identify" or "state the identity of" a person, if that person is not a natural person, means to:  (a) state its full name and specify its nature (e.g., corporation, limited liability company, partnership, governmental agency, etc.); (b) state its present or last known principal place of business address; (c) identify the state in which the entity is organized or incorporated; and (d) identify all officers and directors if the entity is a corporation, all members if the entity is a limited liability company, and all general and limited partners if the entity is a partnership.

4.      "Document" means the original and any non-identical copy (which is different from the original or any copy because of notations thereon or attached thereto or otherwise) of any written, printed, typewritten, handwritten or recorded matter however produced, reproduced

or recorded, including, without limitation, computer software, disks and disk labels, user guides and other manuals and documentation shipped with computer software, packaging, letters, correspondence, electronic mail, communications, reports, studies, diaries, minutes, maps, time sheets or logs, computer data, pamphlets, advertisements, circulars, trade letters, press releases, articles, notes, charts, calendars, tabulations, workbooks, analyses, bank records, income tax records, ledgers, books of account, statistical information accumulations, records of meetings and conversations of any kind, drafts and revisions of drafts of documents, drafts of articles or advertisements written for others for use in creation of any papers, documents, articles or promotional materials, film impressions, photographs, magnetic tape, disks, sound or mechanical reproductions, recordings, receipts, contracts, agreements, purchase orders, purchase order acknowledgements, invoices, advertisements, receipts, drawings, vouchers, charge slips, freight bills, annual reports and telephone records, which are or were at any time in your possession, custody or control or known or believed by you to exist or to have existed. Without limitation, as used in this definition, a document is deemed to be or to have been in your "control" if you have or had the right to secure the document or a copy thereof from another person having physical possession thereof.

     5.     To "identify" or "state the identity of" a document means to state with respect there: (a) the nature or type of the document (e.g., letter, contract, etc.) and any official identifying number such as a serial no., registration no., filing no. or other unique identification marking(s) and the agency or entity which applied or assigned such marking(s); (b) its date, and if it bears no date, the date when it was prepared; (c) the identity of its author, each signatory or person over whose name it was issued and each person who received, approved or commented on it; (d) the identity of all persons to whom the document was addressed or distributed; (e) the

last known physical location and address of the original and each copy, and the identity of its

custodian(s); (f) the general subject matter or content of the document with sufficient

particularity to enable it to be identified; and (g) if the document was, but it no longer, in your

possession or subject to your control (e.g., because it has been lost, destroyed, transmitted to

another person, etc.), state what disposition was made of it, the date of such disposition, and the

reasons for such disposition.

6.      "Oral communication" means any meeting, conference, verbal exchange,

comment or statement for which one or more persons were within hearing, including

communication by telephone or other means of oral communication.

7.      Unless otherwise required by the context, the terms "You," "Your" or

"Applicant" shall be understood to refer to Nicoventures Limited, its parents, subsidiaries, and

affiliates, related companies, predecessors in title and/or interest, successors and assigns,

licensors of the VOKE Mark (if any), and all persons employed by it, including, but not limited

to, attorneys, consultants, experts, investigators, agents or other persons acting on behalf of

Applicant.

8.      To "identify" an oral communication means to: (a) identify each person who

participated in or was present at the communication; (b) state the date and place of the

communication; (c) set forth the substance of what was said by each person speaking at or during

the communication; (d) state the means or medium through which the communication was made

(e.g., in person, telephone, cellular telephone, etc.); (e) identify each person or entity represented

or purportedly represented by the persons participating in or present at the communication; and

(f) identify each document relating to, concerning, referring to, or purporting to summarize or set

forth all or any part of the communication.

9.      The terms "trademark," "service mark" and "mark" each include trademarks, service marks, trade names, corporate names and use of terms analogous to use as a trademark or service mark (and include use of a word or symbol alone or in combination with other words or symbols).

10.     The terms "concern" or "concerning" as used in these requests include communications, documents, or meetings, of any kind, that bear upon, describe, discuss, evidence, mention, pertain, refer, reflect, or relate, directly or indirectly, to the state topic. Documents may have been created, dispatched, distributed, filed or maintained so as to be contemporaneous, responsive, contiguous, attached, incorporated or to cover relevant documents, and are as such within the scope of these discovery requests. With respect to any document requested below for which a claim of privilege, work product or confidentiality is made, specify (in log form) the nature of the document, identify by name, address, title and business affiliation, the writer, the addressee and all recipients thereof, and set forth the general subject matter to which the document relates, and its date.

11.     As used herein, the "Mark VOKE" or the "VOKE Mark" shall mean, and include, any use of the term VOKE or any synonym or translation thereof, in English or any other language, alone or in combination with other words, letters, symbols, graphics or designs, as a trademark, service mark, trade name, corporate name or otherwise, whether alone or in combination with other words or graphics, in any context. As used herein, the term "Voke Tab Marks" means the marks that are the subject of U.S. Trademark Registration Nos. 4191630 and 3848594. As used herein, the term "Opposed Mark" means the mark that is the subject of U.S. Trademark Application No. 79138873.

12. As used herein, "Market Research" includes all surveys, polls, focus groups, market research studies, empirical studies, and other investigations conducted by or on behalf of Applicant, whether or not such investigations were completed, discontinued, or fully carried out.

13. A written response to these requests is required pursuant to Rule 34, Fed. R. Civ. P. Applicant shall separately identify the request by number pursuant to which each document is produced.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

All documents concerning your selection and adoption of the Opposed Mark, including, but not limited to, all documents pertaining to any trademark searches conducted with regard to the OpposedMark.

### REQUEST FOR PRODUCTION NO. 2:

All documents concerning the filing and prosecution of U.S. Trademark Application No. 79138873 .

### REQUEST FOR PRODUCTION NO. 3:

All documents concerning any surveys, studies, opinions or reports generated or solicited with regard to the likelihood of confusion (or lack thereof) between the Voke Tab Marks and the Opposed Mark.

### REQUEST FOR PRODUCTION NO. 4:

All documents concerning your use of the VOKE mark in the United States, including, but not limited to, documents sufficient to establish your date of first use of the VOKE mark in interstate commerce.

**REQUEST FOR PRODUCTION NO. 5:**

All documents concerning your use of the VOKE mark in any country other than the United States.

**REQUEST FOR PRODUCTION NO. 6:**

All documents concerning your registration or attempt to register the VOKE mark in any country other than the United States.

**REQUEST FOR PRODUCTION NO. 7:**

All documents concerning the marketing, sale and distribution of goods by you under the VOKE mark.

**REQUEST FOR PRODUCTION NO. 8:**

All documents concerning any and all instances of actual confusion between the Voke Tab marks and the Opposed Mark.

**REQUEST FOR PRODUCTION NO. 9:**

All documents concerning any other Trademark Trial and Appeal Board proceedings to which you have been a party (as either Opposer or Applicant) involving the VOKE mark.

**REQUEST FOR PRODUCTION NO. 10:**

All documents concerning any arbitration or litigation involving the VOKE mark with respect to which you are or were a party.

**REQUEST FOR PRODUCTION NO. 11:**

All documents concerning any assignment, consent, authorization, license, loan, security agreement, or permission between you and any individual and/or entity to use the VOKE mark.

**REQUEST FOR PRODUCTION NO. 12:**

All documents concerning any and all communications, whether oral or written, concerning Voke Tab, any of the principals of Voke Tab, the VOKE mark, the Voke Tab Marks,

or this Opposition, but excluding any privileged communications that are included on a privilege

log in accordance with instruction number 10 above.

## REQUEST FOR PRODUCTION NO. 13:

For each expert upon which Opposer intends to rely to provide expert opinions in this

Opposition, produce: (a) any written report provided by said expert relating to the subject matter

of this proceeding; (b) a complete written statement of all opinions to be expressed by the expert

in this proceeding, and the basis and reasons therefor; (c) all documents reflecting the data or

other information considered by the expert in forming his/her opinions; (d) all exhibits to be used

by the expert as a summary of or support for his/her opinions; (e) documents stating the

qualifications of the expert, such as a resume, curriculum, vitae, or biography; (f) a written list of

all publications authored by the expert within the last ten (10) years; (g) documents reflecting

the compensation to be paid for the expert's preparation time and time taken to provide

testimony; and (h) a written list of any other cases in which the witness has testified as an expert

at trial, in an administrative proceeding or by deposition within the past four years.

## REQUEST FOR PRODUCTION NO. 14:

All documents identified by you in your answers to Opposer's First Set of Interrogatories to

Applicant (dated Dec. 17,2014).

## REQUEST FOR PRODUCTION NO. 15:

All documents upon which you intend to rely to refute any claims asserted by Voke Tab or

to support any defenses raised by you in connection with this proceeding.

## REQUEST FOR PRODUCTION NO. 16:

All documents that describe, evaluate, summarize, or otherwise provide information,

including but not limited to technical specifications, about all products You have sold or intend

to be sell under the VOKE Mark in any country.

**REQUEST FOR PRODUCTION NO. 17:**

All documents concerning all Market Research, including the results thereof, conducted or caused to be conducted by You or on your behalf, whether conducted for marketing purposes, litigation purposes, or other purposes, which relate or refer to the VOKE Mark, and all documents concerning plans to conduct such market research.

**REQUEST FOR PRODUCTION NO. 18:**

All non-privileged documents that refer or relate to any patent applications You have filed or intend to file for any product or device sold or intended to be sold under the VOKE Mark, including but not limited to prior art searches, documents submitted to the United States Patent and Trademark Office, the Intellectual Property Office of the United Kingdom, or any other patent office in any other country, including (without limitation) documents received from the United States Patent and Trademark Office, the Intellectual Property Office of the United Kingdom, or any other patent office in any other country.

**REQUEST FOR PRODUCTION NO. 19:**

All documents relating to, referring to, submitted to, intended to be submitted to, or received from any regulatory agency in the United Kingdom, the United States, or any other country, including but not limited to all applications and any other documentation drafted, prepared, filed, or received by You or anyone else on Your behalf for any products You have intended to sell or sold under the VOKE Mark.

**REQUEST FOR PRODUCTION NO. 20:**

Documents sufficient to show the channels of trade through which You have considered or are considering promoting or advertising any and all goods or services offered or intended to

be offered under the VOKE Mark in the United Kingdom, the United States, and any other country.

**REQUEST FOR PRODUCTION NO. 21:**

Documents sufficient to show the channels of trade through which You have considered or are considering distributing any and all goods and services to customers and other third parties in connection with the VOKE Mark, including (without limitation) website distribution, mail distribution, direct sales, wholesale distribution, and any other methods of distribution in the United Kingdom, the United States, and any other country.

**REQUEST FOR PRODUCTION NO. 22:**

Documents sufficient to show any and all products, goods, and services intended to be marketed or sold under the VOKE Mark.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents that refer or relate to Your marketing, advertising plans, or business plans, or any marketing, advertising, or business plans you have considered, in the United Kingdom, the United States, and any other country in connection with the advertising, sale, and/or distribution of any and all goods and services in connection with the VOKE Mark.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents that refer, relate to, or constitute any agreements You have entered into or have considered entering into for the sale, creation, marketing, development, manufacturing, or distribution of any goods or services sold or to be sold under the VOKE Mark in any country.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents that refer, relate to, or constitute any agreements YOU have entered into or considered entering into concerning the licensing or use of the VOKE Mark in any country.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents that refer to, describe, reference, analyze, or otherwise relate to Your

target consumers or potential customers for any and all goods or services You offer or intend to

offer under the VOKE Mark in the United Kingdom, the United States, or any other country.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents that refer to, describe, reference, analyze, or otherwise relate to Your

target market, or any markets You have considered targeting, with respect to any and all goods or

services You offer or intend to offer under the VOKE Mark.

**REQUEST FOR PRODUCTION NO. 28:**

One copy of each piece of any actual or intended advertising or promotional material for

any and all goods and services offered or intended to be offered in any country connection with

the VOKE Mark, including, without limitation, magazine advertisements, television and radio

commercials, point of purchase displays, brochures, price lists, marketing collateral, and website

content, and one copy of every version, iteration, adaptation, edition, or revision of such

material, including drafts.

**REQUEST FOR PRODUCTION NO. 29:**

One copy of each article, editorial, media mention, blog, or any other webpage or other

document that mentions, features, or otherwise refers to You or any goods or services offered or

intended to be offered under the VOKE Mark.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents reflecting versions of all Internet websites that You own, operate, control,

or maintain, or formerly owned, operated, controlled, or maintained, that, as of service of these

Requests, promote and/or make Your goods and services available in connection with the VOKE

Mark, including, without limitation, the actual URL address (and not the Home Page) of any such website location where the goods promoted and/or offered in connection with the VOKE Mark are described or may be ordered or otherwise purchased.

**REQUEST FOR PRODUCTION NO. 31:**

Documents sufficient to show the total amount You have expended and/or budgeted for all marketing expenses (including advertising, business development, promotion, etc.) for any and all goods and services offered or intended to be offered under the VOKE Mark in the United Kingdom, the United States, and any other country.

**REQUEST FOR PRODUCTION NO. 32:**

Documents sufficient to show all projected revenues from the sale of any and all goods and services offered or intended to be offered under the VOKE Mark in the United Kingdom, the United States, and any other country.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents that refer or relate to any instance in which a Person has expressed a belief, view, idea, reflection, opinion, observation or understanding that there is any connection, association, affiliation, endorsement, or sponsorship relationship between You and Opposer.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents that refer or relate to any instance in which a person has expressed a belief, view, idea, reflection, opinion, observation, or understanding that Your products offered in connection with the mark VOKE were or are related to, connected to, associated with, share a common source with, and/or are otherwise linked to Opposer.

/ / /

/ / /

**REQUEST FOR PRODUCTION NO. 35:**

All documents relating to Your intentions and/or plans to expand the use of the VOKE Mark in the United Kingdom, the United States, and any other country.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents identified in response to the Second Set of Interrogatories served contemporaneously herewith.

**REQUEST FOR PRODUCTION NO. 37:**

All Documents You consulted, reviewed, and/or relied upon in responding to the Second Set of Interrogatories served contemporaneously herewith.

**REQUEST FOR PRODUCTION NO. 38:**

All documents identified in your Initial Disclosures.

# Exhibit B

## JACOB SINGER & ASSOC
1375 BROADWAY, SUITE 600
New York, NY 10018
### AGENCY AFFIDAVIT

UNITED STATES PATENT AND TRADEMARK OFFICE BEFORE THE TRADEMARK
TRIAL AND APPEAL BOARD

---

VOKE TAB, INC.

VS.                                        INDEX# SERIAL#79138873
NICOVENTURES LIMITED

---

State of New York, County of New York,SS:

   **JACK JOHNSON,** being duly sworn deposes and says that deponent is over the
age of eighteen years: Is not a party to this action and is a resident of New York State.
   On **SEPTEMBER 16/2015 AT 3:25P.M. at: C/O FITZPATRICK CELLA HARPER &
SCINTO
1290 AVENUE OF THE AMERICAS
NEW YORK, N.Y. 10104-3800
ATTEN: TIMOTHY J. KELLY** Deponent served the annexed: **OPPOSER VOKE TAB,
INC'S FIRST AMENDED NOTICEOF 39 (b`)(6)DEPOSITION TO APPLICANT
NICOVENTURES LIMITED** on
   **NICOVENTURES LIMITED** by delivering thereat a true copy to **DARRIN DAVIS
(OFFICE SERVICES)** personally.   Who represented to deponent that (s)he was
authorized to accept service of process on behalf of NICOVENTURES LIMITED
Deponent describes the individual served as follows:
                    Sex/Race(skin color): Male/ black
                    Hair/Approximate Age: shaven/ 35-40 yrs.
                    Approximate Height/Approximate Weight: 5'8"/225 lbs.

1158/PS 9.15 -37
Sworn to before me on 9/16/2015

Jack Johnson
# 1181702

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

| | |
|---|---|
| VOKE TAB, INC., | |
| Opposer, | Opposition No. 91218369 |
| v. | Serial No. 79138873 |
| NICOVENTURES LIMITED, | Trademark: VOKE (stylized) |
| Applicant. | |

## OPPOSER VOKE TAB, INC.'S FIRST AMENDED NOTICE OF 30(b)(6) DEPOSITION TO APPLICANT NICOVENTURES LIMITED

To:     Nicoventures Limited
        25 Wootton Street
        SE1 8TG London, United Kingdom

PLEASE TAKE NOTICE THAT pursuant to Trademark Rule 2.120, Rules 26, 30(b)(6) and 34 of the Federal Rules of Civil Procedure, and 35 U.S.C. 24, on October 23, 2015, Opposer Voke Tab, Inc. ("Voke Tab" or "Opposer") will take the deposition of Applicant Nicoventures Limited ("Nicoventures" or "Applicant") at the offices of Williams Mullen located at 8300 Greensboro Drive, Suite 1100, Tysons Corner, VA 22102, United States, beginning at 10:00 a.m., local time. Please take further notice that because Applicant is not a natural person, it shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, who shall have knowledge of and who are capable and competent to testify regarding the categories identified in the attached "Attachment A." The deposition will be taken before a notary public, deposition officer, or other such person authorized to administer oaths, and will recorded by audio, video and stenographic means. If the deposition is not completed on

the date set below, the taking of the deposition will be continued from day to day thereafter, weekends and holidays excepted, until completed.

Nicoventures is requested to provide Voke Tab's counsel with written notice via email, at least five (5) business days in advance of the deposition, of the name(s) and position(s) of the designee(s) who has (have) consented to testify on behalf of Nicoventures on the matters set forth in Attachment A and as to which matters the designee(s) will testify.

The designee(s) are further required to produce documents and tangible things as described in Attachment B at their deposition.

Date:        October 23, 2015

Time:        10:00 a.m.

Location:    Williams Mullen
             8300 Greensboro Drive
             Suite 1100
             Tysons Corner, VA 22102
             United States

Dated: September 14, 2015                     COBALT LLP

                                              Attorneys for Opposer
                                              Vijay K. Toke, Esq.
                                              918 Parker Street, Building A21
                                              Berkeley, California, 94710-2596
                                              510.841.9800

## ATTACHMENT A

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Nicoventures Limited ("Applicant") is expected to appoint a witness or witnesses who shall have knowledge of and be capable to testify regarding the topics identified below.

1.    The formation and operation of Applicant, including all of its offices, employees, and owners.

2.    The creation, development, and adoption of the VOKE Mark by Respondent.

3.    Respondent's use and intended use of the VOKE Mark in the United Kingdom, United States, and any other country, including date and circumstances of first use and first use in commerce.

4.    All goods and services offered, contemplated, or intended to be offered under the VOKE Mark in the United Kingdom, United States, and any other country.

5.    Respondent's ownership and enforcement of its VOKE Mark, including without limitation and formal or informal complaints, objections, *inter partes* oppositions, *inter partes* cancellations, administrative proceedings, or civil actions filed, send, or initiated by Petitioner.

6.    Formal or informal complaints, objections, *inter partes* oppositions, *inter partes* cancellations, administrative proceedings, or civil actions filed, sent, or initiated by any third party concerning Respondent's use of, application to register, registration of, or claim of rights in Petitioners' VOKE Mark.

7.    Third party use of Respondents' VOKE Mark, or any other marks incorporating the word "voke" (or phonetic equivalent) of which Respondent is aware.

8.    All agreements between Respondent and third parties related to the use, creation, licensing, or development of Respondent's VOKE Mark.

9.    Applications to and responses from any regulatory agency in the United

Kingdom, United States, and any other country concerning any and all goods and services offered, contemplated, or intended to be offered under the VOKE Mark.

10.    Actual, expected, and contemplated channels of trade for any and all goods and services offered or intended to be offered under the VOKE Mark in the United Kingdom, United States, and any other country.

11.    Actual, expected, and contemplated customers or users of any and all goods and services offered or intended to be offered under the VOKE Mark in the United Kingdom, United States, and any other country.

12.    Actual, expected, and contemplated sales, revenue, marketing, advertising, and promotion of the VOKE Mark in the United Kingdom, the United States, and any other country.

13.    Press coverage Respondent has received featuring, concerning, or referring to any goods and services offered, contemplated, or intended to be offered under the VOKE Mark in the United Kingdom, United States, and any other country.

14.    Instances of actual consumer confusion as to source, affiliation, or sponsorship between Respondent's VOKE Mark and Voke Tab, Inc.'s VOKE Mark.

15.    Market research, empirical research, product research, testing, and any other investigation or research undertaken by or on behalf of Respondent with respect to any goods or services offered, contemplated, or intended to be offered under the VOKE Mark in the United Kingdom, United States, and any other country.

## ATTACHMENT B

## DEFINITIONS AND INSTRUCTIONS

The following definitions are an integral part of each and every request and are incorporated therein by reference:

1.  "Person" means any natural person and any governmental unit or agency, corporation, partnership, firm, joint venture, sole proprietorship or other legal or business entity of any kind.

2.  To "identify" or "state the identity of" a person, if that person is a natural person, means to state:  (a) his or her full name; (b) his or her present or last known residence address and telephone number; (c) his or her present or last known business or occupational address and telephone number; (d) his or her present or last known occupation, position, and business or governmental affiliation; and (e) whether he or she has ever been employed or engaged by you, and if so, the dates of employment or engagement and a brief description of his or her job title(s) and responsibilities during the time of such employment or engagement.

3.  To "identify" or "state the identity of" a person, if that person is not a natural person, means to:  (a) state its full name and specify its nature (e.g., corporation, limited liability company, partnership, governmental agency, etc.); (b) state its present or last known principal place of business address; (c) identify the state in which the entity is organized or incorporated; and (d) identify all officers and directors if the entity is a corporation, all members if the entity is a limited liability company, and all general and limited partners if the entity is a partnership.

4.  "Document" means the original and any non-identical copy (which is different from the original or any copy because of notations thereon or attached thereto or otherwise) of any written, printed, typewritten, handwritten or recorded matter however produced, reproduced

or recorded, including, without limitation, computer software, disks and disk labels, user guides and other manuals and documentation shipped with computer software, packaging, letters, correspondence, electronic mail, communications, reports, studies, diaries, minutes, maps, time sheets or logs, computer data, pamphlets, advertisements, circulars, trade letters, press releases, articles, notes, charts, calendars, tabulations, workbooks, analyses, bank records, income tax records, ledgers, books of account, statistical information accumulations, records of meetings and conversations of any kind, drafts and revisions of drafts of documents, drafts of articles or advertisements written for others for use in creation of any papers, documents, articles or promotional materials, film impressions, photographs, magnetic tape, disks, sound or mechanical reproductions, recordings, receipts, contracts, agreements, purchase orders, purchase order acknowledgements, invoices, advertisements, receipts, drawings, vouchers, charge slips, freight bills, annual reports and telephone records, which are or were at any time in your possession, custody or control or known or believed by you to exist or to have existed. Without limitation, as used in this definition, a document is deemed to be or to have been in your "control" if you have or had the right to secure the document or a copy thereof from another person having physical possession thereof.

     5.     To "identify" or "state the identity of" a document means to state with respect there: (a) the nature or type of the document (e.g., letter, contract, etc.) and any official identifying number such as a serial no., registration no., filing no. or other unique identification marking(s) and the agency or entity which applied or assigned such marking(s); (b) its date, and if it bears no date, the date when it was prepared; (c) the identity of its author, each signatory or person over whose name it was issued and each person who received, approved or commented on it; (d) the identity of all persons to whom the document was addressed or distributed; (e) the

last known physical location and address of the original and each copy, and the identity of its custodian(s); (f) the general subject matter or content of the document with sufficient particularity to enable it to be identified; and (g) if the document was, but it no longer, in your possession or subject to your control (e.g., because it has been lost, destroyed, transmitted to another person, etc.), state what disposition was made of it, the date of such disposition, and the reasons for such disposition.

6.      "Oral communication" means any meeting, conference, verbal exchange, comment or statement for which one or more persons were within hearing, including communication by telephone or other means of oral communication.

7.      Unless otherwise required by the context, the terms "You," "Your" or "Applicant" shall be understood to refer to Nicoventures Limited, its parents, subsidiaries, and affiliates, related companies, predecessors in title and/or interest, successors and assigns, licensors of the VOKE Mark (if any), and all persons employed by it, including, but not limited to, attorneys, consultants, experts, investigators, agents or other persons acting on behalf of Applicant.

8.      To "identify" an oral communication means to:  (a) identify each person who participated in or was present at the communication; (b) state the date and place of the communication; (c) set forth the substance of what was said by each person speaking at or during the communication; (d) state the means or medium through which the communication was made (e.g., in person, telephone, cellular telephone, etc.); (e) identify each person or entity represented or purportedly represented by the persons participating in or present at the communication; and (f) identify each document relating to, concerning, referring to, or purporting to summarize or set forth all or any part of the communication.

9.      The terms "trademark," "service mark" and "mark" each include trademarks, service marks, trade names, corporate names and use of terms analogous to use as a trademark or service mark (and include use of a word or symbol alone or in combination with other words or symbols).

10.     The terms "concern" or "concerning" as used in these requests include communications, documents, or meetings, of any kind, that bear upon, describe, discuss, evidence, mention, pertain, refer, reflect, or relate, directly or indirectly, to the state topic. Documents may have been created, dispatched, distributed, filed or maintained so as to be contemporaneous, responsive, contiguous, attached, incorporated or to cover relevant documents, and are as such within the scope of these discovery requests. With respect to any document requested below for which a claim of privilege, work product or confidentiality is made, specify (in log form) the nature of the document, identify by name, address, title and business affiliation, the writer, the addressee and all recipients thereof, and set forth the general subject matter to which the document relates, and its date.

11.     As used herein, the "Mark VOKE" or the "VOKE Mark" shall mean, and include, any use of the term VOKE or any synonym or translation thereof, in English or any other language, alone or in combination with other words, letters, symbols, graphics or designs, as a trademark, service mark, trade name, corporate name or otherwise, whether alone or in combination with other words or graphics, in any context. As used herein, the term "Voke Tab Marks" means the marks that are the subject of U.S. Trademark Registration Nos. 4191630 and 3848594. As used herein, the term "Opposed Mark" means the mark that is the subject of U.S. Trademark Application No. 79138873.

12.     As used herein, "Market Research" includes all surveys, polls, focus groups,

market research studies, empirical studies, and other investigations conducted by or on behalf of

Applicant, whether or not such investigations were completed, discontinued, or fully carried out.

13.     A written response to these requests is required pursuant to Rule 34, Fed. R. Civ.

P. Applicant shall separately identify the request by number pursuant to which each document is

produced.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

All documents concerning your selection and adoption of the Opposed Mark, including,

but not limited to, all documents pertaining to any trademark searches conducted with regard to

the OpposedMark.

**REQUEST FOR PRODUCTION NO. 2:**

All documents concerning the filing and prosecution of U.S. Trademark Application No.

79138873 .

**REQUEST FOR PRODUCTION NO. 3:**

All documents concerning any surveys, studies, opinions or reports generated or solicited

with regard to the likelihood of confusion (or lack thereof) between the Voke Tab Marks and the

Opposed Mark.

**REQUEST FOR PRODUCTION NO. 4:**

All documents concerning your use of the VOKE mark in the United States, including,

but not limited to, documents sufficient to establish your date of first use of the VOKE mark in

interstate commerce.

**REQUEST FOR PRODUCTION NO. 5:**

All documents concerning your use of the VOKE mark in any country other than the United States.

**REQUEST FOR PRODUCTION NO. 6:**

All documents concerning your registration or attempt to register the VOKE mark in any country other than the United States.

**REQUEST FOR PRODUCTION NO. 7:**

All documents concerning the marketing, sale and distribution of goods by you under the VOKE mark.

**REQUEST FOR PRODUCTION NO. 8:**

All documents concerning any and all instances of actual confusion between the Voke Tab marks and the Opposed Mark.

**REQUEST FOR PRODUCTION NO. 9:**

All documents concerning any other Trademark Trial and Appeal Board proceedings to which you have been a party (as either Opposer or Applicant) involving the VOKE mark.

**REQUEST FOR PRODUCTION NO. 10:**

All documents concerning any arbitration or litigation involving the VOKE mark with respect to which you are or were a party.

**REQUEST FOR PRODUCTION NO. 11:**

All documents concerning any assignment, consent, authorization, license, loan, security agreement, or permission between you and any individual and/or entity to use the VOKE mark.

**REQUEST FOR PRODUCTION NO. 12:**

All documents concerning any and all communications, whether oral or written, concerning Voke Tab, any of the principals of Voke Tab, the VOKE mark, the Voke Tab Marks,

or this Opposition, but excluding any privileged communications that are included on a privilege log in accordance with instruction number 10 above.

**REQUEST FOR PRODUCTION NO. 13:**

For each expert upon which Opposer intends to rely to provide expert opinions in this Opposition, produce: (a) any written report provided by said expert relating to the subject matter of this proceeding; (b) a complete written statement of all opinions to be expressed by the expert in this proceeding, and the basis and reasons therefor; (c) all documents reflecting the data or other information considered by the expert in forming his/her opinions; (d) all exhibits to be used by the expert as a summary of or support for his/her opinions; (e) documents stating the qualifications of the expert, such as a resume, curriculum, vitae, or biography; (f) a written list of all publications authored by the expert within the last ten (10) years; (g) documents reflecting the compensation to be paid for the expert's preparation time and time taken to provide testimony; and (h) a written list of any other cases in which the witness has testified as an expert at trial, in an administrative proceeding or by deposition within the past four years.

**REQUEST FOR PRODUCTION NO. 14:**

All documents identified by you in your answers to Opposer's First Set of Interrogatories to Applicant (dated Dec. 17,2014).

**REQUEST FOR PRODUCTION NO. 15:**

All documents upon which you intend to rely to refute any claims asserted by Voke Tab or to support any defenses raised by you in connection with this proceeding.

**REQUEST FOR PRODUCTION NO. 16:**

All documents that describe, evaluate, summarize, or otherwise provide information, including but not limited to technical specifications, about all products You have sold or intend to be sell under the VOKE Mark in any country.

**REQUEST FOR PRODUCTION NO. 17:**

All documents concerning all Market Research, including the results thereof, conducted or caused to be conducted by You or on your behalf, whether conducted for marketing purposes, litigation purposes, or other purposes, which relate or refer to the VOKE Mark, and all documents concerning plans to conduct such market research.

**REQUEST FOR PRODUCTION NO. 18:**

All non-privileged documents that refer or relate to any patent applications You have filed or intend to file for any product or device sold or intended to be sold under the VOKE Mark, including but not limited to prior art searches, documents submitted to the United States Patent and Trademark Office, the Intellectual Property Office of the United Kingdom, or any other patent office in any other country, including (without limitation) documents received from the United States Patent and Trademark Office, the Intellectual Property Office of the United Kingdom, or any other patent office in any other country.

**REQUEST FOR PRODUCTION NO. 19:**

All documents relating to, referring to, submitted to, intended to be submitted to, or received from any regulatory agency in the United Kingdom, the United States, or any other country, including but not limited to all applications and any other documentation drafted, prepared, filed, or received by You or anyone else on Your behalf for any products You have intended to sell or sold under the VOKE Mark.

**REQUEST FOR PRODUCTION NO. 20:**

Documents sufficient to show the channels of trade through which You have considered or are considering promoting or advertising any and all goods or services offered or intended to

be offered under the VOKE Mark in the United Kingdom, the United States, and any other country.

**REQUEST FOR PRODUCTION NO. 21:**

Documents sufficient to show the channels of trade through which You have considered or are considering distributing any and all goods and services to customers and other third parties in connection with the VOKE Mark, including (without limitation) website distribution, mail distribution, direct sales, wholesale distribution, and any other methods of distribution in the United Kingdom, the United States, and any other country.

**REQUEST FOR PRODUCTION NO. 22:**

Documents sufficient to show any and all products, goods, and services intended to be marketed or sold under the VOKE Mark.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents that refer or relate to Your marketing, advertising plans, or business plans, or any marketing, advertising, or business plans you have considered, in the United Kingdom, the United States, and any other country in connection with the advertising, sale, and/or distribution of any and all goods and services in connection with the VOKE Mark.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents that refer, relate to, or constitute any agreements You have entered into or have considered entering into for the sale, creation, marketing, development, manufacturing, or distribution of any goods or services sold or to be sold under the VOKE Mark in any country.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents that refer, relate to, or constitute any agreements YOU have entered into or considered entering into concerning the licensing or use of the VOKE Mark in any country.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents that refer to, describe, reference, analyze, or otherwise relate to Your target consumers or potential customers for any and all goods or services You offer or intend to offer under the VOKE Mark in the United Kingdom, the United States, or any other country.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents that refer to, describe, reference, analyze, or otherwise relate to Your target market, or any markets You have considered targeting, with respect to any and all goods or services You offer or intend to offer under the VOKE Mark.

**REQUEST FOR PRODUCTION NO. 28:**

One copy of each piece of any actual or intended advertising or promotional material for any and all goods and services offered or intended to be offered in any country connection with the VOKE Mark, including, without limitation, magazine advertisements, television and radio commercials, point of purchase displays, brochures, price lists, marketing collateral, and website content, and one copy of every version, iteration, adaptation, edition, or revision of such material, including drafts.

**REQUEST FOR PRODUCTION NO. 29:**

One copy of each article, editorial, media mention, blog, or any other webpage or other document that mentions, features, or otherwise refers to You or any goods or services offered or intended to be offered under the VOKE Mark.

**REQUEST FOR PRODUCTION NO. 30:**

All Documents reflecting versions of all Internet websites that You own, operate, control, or maintain, or formerly owned, operated, controlled, or maintained, that, as of service of these Requests, promote and/or make Your goods and services available in connection with the VOKE

Mark, including, without limitation, the actual URL address (and not the Home Page) of any such website location where the goods promoted and/or offered in connection with the VOKE Mark are described or may be ordered or otherwise purchased.

**REQUEST FOR PRODUCTION NO. 31:**

Documents sufficient to show the total amount You have expended and/or budgeted for all marketing expenses (including advertising, business development, promotion, etc.) for any and all goods and services offered or intended to be offered under the VOKE Mark in the United Kingdom, the United States, and any other country.

**REQUEST FOR PRODUCTION NO. 32:**

Documents sufficient to show all projected revenues from the sale of any and all goods and services offered or intended to be offered under the VOKE Mark in the United Kingdom, the United States, and any other country.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents that refer or relate to any instance in which a Person has expressed a belief, view, idea, reflection, opinion, observation or understanding that there is any connection, association, affiliation, endorsement, or sponsorship relationship between You and Opposer.

**REQUEST FOR PRODUCTION NO. 34:**

All Documents that refer or relate to any instance in which a person has expressed a belief, view, idea, reflection, opinion, observation, or understanding that Your products offered in connection with the mark VOKE were or are related to, connected to, associated with, share a common source with, and/or are otherwise linked to Opposer.

/ / /

/ / /

**REQUEST FOR PRODUCTION NO. 35:**

All documents relating to Your intentions and/or plans to expand the use of the VOKE Mark in the United Kingdom, the United States, and any other country.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents identified in response to the Second Set of Interrogatories served contemporaneously herewith.

**REQUEST FOR PRODUCTION NO. 37:**

All Documents You consulted, reviewed, and/or relied upon in responding to the Second Set of Interrogatories served contemporaneously herewith.

**REQUEST FOR PRODUCTION NO. 38:**

All documents identified in your Initial Disclosures.